**Form 149**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

**John A Borish**
   Debtor(s)

Bankruptcy Case No.: 15–20508–CMB
Issued Per June 8, 2017 Proceeding
Chapter: 13
Docket No.: 80 – 66, 75, 76
Concil. Conf.: at

## ORDER OF COURT CONFIRMING PLAN AS MODIFIED
## AND SETTING DEADLINES FOR CERTAIN ACTIONS

### *(1.)   PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated May 24, 2017 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A.   For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.   The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C.   Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.   Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☑ E.   The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.    shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G.   The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☑ H.   Additional Terms: E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase in the amount projected in the Plan.
Fee application needed if any fee (including retainer) exceeds $6,000 including any fees paid to prior counsel.
JPMorgan Chase Banks' payments shall be based on the loan modification which has been approved in their case, along with the change which becomes effective July 2017.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

**(3.)    *IT IS FURTHER ORDERED THAT:***


**A.**      After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**      Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**      Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.**      Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**      The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.**      In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any ***secured claim*** that is secured by the subject property, unless directed otherwise by further Order of Court.


Carlota M. Böhm, Judge
United States Bankruptcy Court

Dated: June 13, 2017

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                    Case No. 15-20508-CMB
John A Borish                                                             Chapter 13
            Debtor

## CERTIFICATE OF NOTICE

District/off: 0315-2          User: jhel           Page 1 of 1            Date Rcvd: Jun 13, 2017
                             Form ID: 149          Total Noticed: 12

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 15, 2017.
db         +John A Borish,   1725 1/2 Kensington St,   New Kensington, PA 15068-4071
cr         +Peoples TWP, LLC,   Attn: Dawn Lindner,   375 North Shore Drive, Suite 600,
            Pittsburgh, PA 15212-5866
13997166   +Hayt Hayt & Landau LLC,   123 S Broad St Suite 1660,   Philadelphia, PA 19109-1003
14070824   +JPMorgan Chase Bank, National Association,   Chase Records Center,   Attn: Correspondence Mail,
            Mail Code LA4-5555,   700 Kansas Lane,   Monroe, LA 71203-4774
13997168   +KML Law Group PC,   Suite 5000,   701 Market St,   Philadelphia, PA 19106-1541
13999689   +PNC BANK, N/A,   P O BOX 94982,   CLEVELAND OHIO 44101-4982
14017193   +Peoples TWP LLC,   205 North Main Street,   Butler, PA 16001-4904,   Attn: Dawn Lindner

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr         +E-mail/PDF: acg.acg.ebn@americaninfosource.com Jun 14 2017 01:14:56
            Capital One Auto Finance c/o Ascension Capital Gro,   P.O. Box 201347,
            Arlington, TX 76006-1347
14029129   +E-mail/PDF: acg.acg.ebn@americaninfosource.com Jun 14 2017 01:15:21
            Capital One Auto Finance, c/o Ascension Capital Gr,   P.O. Box 201347,
            Arlington, TX 76006-1347
14067789   +E-mail/Text: DQENOTICES@BERNSTEINLAW.COM Jun 14 2017 01:11:43   Duquesne Light Company,
            c/o Peter J. Ashcroft,,   Bernstein-Burkley, P.C.,,   707 Grant St., Suite 2200, Gulf Tower,,
            Pittsburgh, PA 15219-1945
13997167   +E-mail/Text: bk.notifications@jpmchase.com Jun 14 2017 01:11:04   JPMorgan Chase Bank,
            PO Box 901076,   Fort Worth, TX 76101-2076
13997169   +E-mail/Text: bankruptcydpt@mcmcg.com Jun 14 2017 01:11:15   Midland Funding LLC,   Suite 200,
            8875 AERO DR,   San Diego, CA 92123-2255
                                                                              TOTAL: 5

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr          Duquesne Light Company
cr          JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
                                                                    TOTALS: 2, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 15, 2017                              Signature:  /s/Joseph Speetjens


## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 13, 2017 at the address(es) listed below:
            Andrew F Gornall   on behalf of Creditor   JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
            agornall@goldbecklaw.com,  bkgroup@goldbecklaw.com;bkgroup@kmllawgroup.com
            James   Warmbrodt   on behalf of Creditor   JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
            bkgroup@kmllawgroup.com
            Lawrence W. Willis   on behalf of Debtor John A Borish help@urfreshstrt.com,
            urfreshstrt@gmail.com
            Office of the United States Trustee   ustpregion03.pi.ecf@usdoj.gov
            Peter J. Ashcroft   on behalf of Creditor   Duquesne Light Company pashcroft@bernsteinlaw.com,
            ckutch@ecf.courtdrive.com;pashcroft@ecf.courtdrive.com;pghecf@bernsteinlaw.com;cabbott@ecf.courtd
            rive.com
            Ronda J. Winnecour   cmecf@chapter13trusteewdpa.com
            S. James Wallace   on behalf of Creditor   Peoples TWP, LLC sjw@sjwpgh.com,
            srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com
                                                                              TOTAL: 7